IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
_____ DIVISION
FILE NO. _____

JAMES BUCK,

    Plaintiff,

v.                                       COMPLAINT FOR
                                           DECLARATORY JUDGMENT

UNITED STATES OF AMERICA,

    Defendant.

COMES NOW the Plaintiff, by and through the undersigned counsel, complaining of the Defendant, and shows the following:

PARTIES

1. The Plaintiff is an individual who is a citizen and resident of Pitt County, North Carolina.

2. The Defendant is the United States of America.

JURISDICTION AND VENUE

3. The court has subject matter jurisdiction over the action, because the claim stated herein arises under the law of the United States and falls within the court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

4. The court has personal jurisdiction over the Defendant.

5. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because the Defendant is the United States and the Plaintiff resides in this district.

## BACKGROUND AND FACTUAL ALLEGATIONS

6. The Plaintiff was convicted of misdemeanor interfering with an emergency communication in Pitt County, North Carolina, file number 02 CR 57493 on September 10, 2002 ("the interference conviction").

7. The Plaintiff applied to the Pitt County Sheriff for a permit to purchase a firearm in 2017.

8. The permit was denied on July 25, 2017. The stated reason for the denial was that the Defendant had been convicted of a misdemeanor crime of domestic violence (MDCV) and was prohibited under 18 U.S.C. § 922(g)(9). *See* Exhibit A.

9. The Plaintiff through counsel made contact with counsel for Pitt County.

10. The Plaintiff advised counsel for Pitt County that the interference conviction did not qualify as an MCDV.

11. Upon review, counsel for Pitt County advised that the Sheriff would issue the purchase permit to the Plaintiff.

12. The Sheriff issued the permit to the Plaintiff and has also, since that time, issued additional purchase permits to the Plaintiff.

13. The Sheriff has also issued to the Plaintiff a concealed carry permit. *See* Exhibit B.

14. The Plaintiff attempted to purchase a firearm from a federally licensed firearm dealer on May 16, 2018.

15. The purchase was denied.

16. Upon information and belief, the purchase was denied after the dealer performed a check of the Federal Bureau of Investigation's National Instant Criminal Background Check System (FBI NICS).

17. The denial was assigned NICS transaction number (NTN) 100M9KPLV.

18. Upon information and belief, the purchase was denied because the NICS database continues to include an incorrect statement that the Plaintiff was convicted of an MCDV.

19. The definition of the term "misdemeanor crime of domestic violence" is a crime that "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon." 18 U.S.C. § 921(33)(A)(ii).

20. The elements of the interference conviction are set forth by North Carolina General Statute § 14-286.2(a): "A person who intentionally interferes with an emergency communication, knowing that the communication is an emergency communication, and who is not making an emergency communication himself, is guilty of a Class A1 misdemeanor. In addition, a person who interferes with a communications instrument or other emergency equipment with the intent to prevent an emergency communication is guilty of a Class A1 misdemeanor."

21. The offense is not an MCDV because it does not have, as an element, the use or attempted use of physical force or the threatened use of a deadly weapon.

## DECLARATORY JUDGMENT
## 28 U.S.C. § 2201

22. The allegations contained in paragraphs 1-21 are hereby incorporated by reference as if fully set forth herein.

23. Upon information and belief, the Plaintiff was denied a firearm due to the provision of erroneous information relating to the Plaintiff by FBI NICS.

24. The erroneous information is that the Plaintiff has a misdemeanor domestic violence conviction.

25. The matter described above is an actual case and controversy between the parties.

26. The Plaintiff files this action seeking an order directing that the erroneous information be corrected, pursuant to 18 U.S.C. § 925A.

27. The Plaintiff also requests the Court enter a judgment declaring that FBI NICS is directed to correct the erroneous information pursuant to 28 U.S.C. § 2201.

## AWARD OF ATTORNEY'S FEE

28. The allegations contained in paragraphs 1-25 are hereby incorporated by reference as if fully set forth herein.

29. The Plaintiff requests the Court order that the Defendant pay a reasonable attorney's fee to the Plaintiff as part of the costs, pursuant to 18 U.S.C. § 925A.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

1) For an order directing FBI NICS to correct the erroneous information in the NICS database stating that the Plaintiff has been convicted of a misdemeanor crime of domestic violence, pursuant to 18 U.S.C. § 925A.

2) For a judgment declaring that FBI NICS is directed to correct the erroneous information in the NICS database stating that the Plaintiff has been convicted of a misdemeanor crime of domestic violence, pursuant to 28 U.S.C. § 2201.

3) For the award of a reasonable attorney's fee as part of the costs, pursuant to 18 U.S.C. § 925A.

This the 22 day of June, 2018.

LAW OFFICES OF KEITH A. WILLIAMS, P.A.

By: /s/ Keith A. Williams
KEITH A. WILLIAMS
P.O. Box 1965
321 South Evans Street, Suite 103
Greenville, NC 27835
Phone: 252/931-9362
Fax: 252/830-5155
N.C. Bar Number 19333
E-mail: keith@williamslawonline.com

LANIER LAW GROUP, P.A.

By: /s/ Donald S. Higley
DONALD S. HIGLEY
2630 Ramada Road
Burlington, NC 27215
Phone: 336.506.1041
N.C. Bar Number 20814
E-mail: dhigley@lanierlawgroup.com